IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

JEAN CARLOS SALCEDO CORREA,        §
                                   §
        *Petitioner*,              §
                                   §
v.                                 §
                                   §
ALEXANDER SANCHEZ, WARDEN IAH      §
FEDERAL IMMIGRATION PRISON; BRET   §    CIVIL ACTION NO. 9:26-CV-00335
BRADFORD, ACTING FIELD OFFICE      §    JUDGE MICHAEL J. TRUNCALE
DIRECTOR; TODD LYONS, ACTING       §
DIRETOR U.S. IMMIGRATION AND       §
CUSTOMS ENFORCEMENT;               §
MARKWAYNE MULLIN, U.S.             §
SECRETARY OF HOMELAND              §
SECURITY; TODD BLANCHE,            §
ATTORNEY GENERAL OF THE UNITED     §
STATES,                            §
                                   §
        *Respondents*.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Jean Carlos Salcedo Correa ("Salcedo Correa")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Jean Carlos Salcedo Correa is a Foreign national.  On February 19, 2026, United States Immigration and Customs Enforcement ("ICE") detained Salcedo Correa. [Dkt. 1. at ¶ 32].

On May 1, 2026, Salcedo Correa brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution and the Administrative Procedure Act ("APA"). [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A. Due Process

Salcedo Correa argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. *See* [Dkt. 1]. Even if Salcedo Correa were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Salcedo Correa's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. *See* [Dkt. 1]. Salcedo Correa's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. *See* 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Salcedo Correa's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*."[1] *See Pierre*, 525 F.2d at 935 (emphasis added).

Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising

---

[1] *See also Wilkinson v. Dotson*, 544 U.S. 74, 86 (2005) (Scalia, J., concurring).

such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id.*

Here, a properly conducted bond hearing would not invariably result in Salcedo Correa's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id.* §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Salcedo Correa's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Salcedo Correa's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the proper arena for Salcedo Correa to raise a due-process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### B. APA

Salcedo Correa argues that the Government violated the APA by failing to consider mitigating factors like his lack of criminal history. [Dkt. 1 at ¶¶ 44-52]. The Court lacks jurisdiction to decide the merits of Salcedo Correa's APA claim, since it is "unrelated to the cause of [his] detention." *See Pierre*, 525 F.2d at 935–36. Salcedo Correa's lack of serious criminal history does not retroactively make his illegal entry lawful. Because Salcedo Correa is an illegal entrant, the Government must detain him under 8 U.S.C. § 1225 regardless of whether he has past criminal convictions or pending asylum applications. *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 505–06. Accordingly, Salcedo Correa must bring his APA claim in a separate, non-habeas proceeding. *See Carson*, 112 F.3d at 820–21; *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995).

### IV. CONCLUSION

It is therefore **ORDERED** that Salcedo Correa's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

Michael J. Truncale
United States District Judge

4